**FILED**

**November 30, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 3:28 PM**



## TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| Richard Lasser, | ) | Docket No.: 2017-05-0613 |
| Employee, | ) | |
| v. | ) | State File No.: 22849-2017 |
| Waste Management, Inc., | ) | |
| Self-Insured Employer. | ) | Judge Thomas Wyatt |

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY BENEFITS

The Court conducted an Expedited Hearing on November 21, 2017, on the request of Richard Lasser. The sole issue is Mr. Lasser's entitlement to temporary partial disability benefits following his rejection of Waste Management, Inc.'s assignment of alternative modified work at a rescue mission. For the reasons set forth below, the Court holds that Mr. Lasser is not entitled to the requested benefits.

### History of Claim

Mr. Lasser suffered multiple injuries on March 28, 2017, when a vehicle struck the roll-off/trash compactor truck he drove. He underwent authorized treatment that resulted in multiple restrictions, including a prohibition against his driving a commercial vehicle. To accommodate his restrictions, Waste Management assigned Mr. Lasser the tasks of picking up trash and washing trucks. Mr. Lasser attempted to perform this work for three days but complained the required prolonged walking and bending caused such severe pain that he "couldn't move." Mr. Lasser testified the work Waste Management offered him was "a little humiliating" and "insulting," but he did it because he had to.

By letter dated April 18, Waste Management offered Mr. Lasser work at the Cookeville Rescue Mission General Store that allegedly accommodated his restrictions. Mr. Lasser rejected the offered work and communicated his decision the following day by letter from his counsel stating that "there is no indication that the purported light duty

1

assignment is within Mr. Lasser's current restrictions."[1] Counsel's letter also stated that "the law in Tennessee is not yet settled regarding whether 'alternative modified work assignments' such as the assignment Waste Management has proposed here are permissible. I suggest to you that we should not make this the first case in which Tennessee courts decide the issue." (Ex. 4.) Mr. Lasser failed to appear for work at the rescue mission.

Waste Management renewed its offer of work at the rescue mission by letter dated April 25. This letter again set forth Mr. Lasser's restrictions but also provided the name of a person to whom Mr. Lasser could address questions about his duties, assignments and schedule. (Ex. 5 at 2.) Mr. Lasser again did not appear at the rescue mission.

Waste Management suspended Mr. Lasser's temporary disability benefits because he did not appear at work as scheduled. Mr. Lasser filed a Petition for Benefit Determination, setting forth the following:

> The ER does not have light duty work available that accommodates EE's restrictions. The ER is attempting to force ER to go to work for Cookeville Rescue Mission while he is on restrictions. The EE refused to do so, as he does not work for Cookeville Rescue Mission, he is a garbage truck driver for Waste Management. The ER has suspended EE's TTD/TPD benefits because ER refuses to go to work at Cookeville Rescue Mission. EE seeks an Expedited Hearing Order requiring the ER to pay TPD benefits if they cannot offer a light duty position that accommodates EE's restrictions.

(T.R. 1 at 2.)

Mr. Lasser testified that he did not accept the work at the rescue mission because he worked for Waste Management, thus work at the rescue mission was "not my job." On cross-examination, Mr. Lasser testified that his objection to performing work at the mission did not concern a safety issue, a disagreement with his schedule, or a concern about the distance between the location of the mission and his home. He did voice a concern that he did not know the rules or procedures governing his work at the mission.

Mr. Lasser contended Waste Management's assignment to perform janitorial work at the mission was coercive, akin to retaliation, and threatened the integrity of the workers' compensation system. Waste Management argued its light-duty assignment was reasonable but Mr. Lasser's refusal to accept the work was personal and

---

[1] The letter from Waste Management offering work at the rescue mission listed Mr. Lasser's specific restrictions and stated Mr. Lasser would perform his assigned duties "within restrictions." (Ex. 3 at 2-3.)

2

unreasonable. Waste Management contended Mr. Lasser's refusal to perform the assigned light-duty work precluded the requested temporary partial disability benefits.

## Findings of Fact and Conclusions of Law

To prevail at this interlocutory stage of the claim, Mr. Lasser must show that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court holds that Mr. Lasser did not meet this burden.

In *Hackney v. Integrity Staffing Solutions, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *13-14 (July 22, 2016), the Workers' Compensation Appeals Board held that an employee who refused to accept work within her restrictions on a different shift was not entitled to temporary partial disability benefits. The Appeals Board reached this conclusion despite the fact the employee needed to care for her family during the shift offered by the employer. In explaining its decision, the Appeals Board wrote:

> Employee's refusal was not based on a physical inability to perform the work offered as a result of her injury; nor was it in any other way related to her workplace accident. Rather, her reasons for declining the offers of employment were purely personal, i.e., she wanted to be home for the sake of her family. While this desire is certainly commendable, Employee's wish to be at home with her family is personal in nature and unrelated to her injury. Accordingly, the trial court's denial of temporary disability benefits is affirmed.

In view of this authority, the Court holds that Mr. Lasser's reasons for refusing Waste Management's offer of light-duty work were likewise personal. His concern about working at an entity other than Waste Management has no substantive relevance under the law to Waste Management's obligation to pay temporary partial disability benefits.

The Workers' Compensation Law does not prohibit Waste Management from offering Mr. Lasser work within his restrictions at an entity other than Waste Management. Waste Management does not owe Mr. Lasser temporary partial disability benefits when he refused to perform the available work due to personal reasons.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lasser's claim for temporary partial disability benefits is denied at this time.

2. The Court schedules a telephonic Status Conference at **10:30 Eastern Time (9:30 Central Time) on February 1, 2018.** The parties shall call toll free at (855) 747-1721 or (615) 741-3061 to participate in the Status Hearing. Failure to call in may

3

result in a determination of the issues, including scheduling issues, without the absent party's participation.

**ENTERED this the 30th day of November, 2017.**

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits: The Court admitted the following into evidence during the Expedited Hearing:

1. Stipulations of the parties;
2. Statement of restrictions from Middle Tennessee Occupational & Environmental Medicine, Inc.;
3. Letter of April 18, 2017, from Waste Management to Mr. Lasser's counsel with offer of alternative modified work;
4. Letter of April 19, 2017, from Mr. Lasser's counsel to Waste Management rejecting offer of alternative modified work;
5. Letter of April 25, 2017, from Waste Management to Mr. Lasser's counsel with second offer of alternative modified work;
6. Causation questionnaire;
7. Notice of Controversy; and
8. Genex form indicating restrictions placed by Dr. Elalayli.

Technical Record: The Court considered the following in making its decision and marked them as the Technical Record:

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Waste Management's statement of additional issues certified to the Court;
4. Mr. Lasser's position statement;
5. Waste Management's position statement with exhibits;
6. Request for Expedited Hearing;
7. Motion to Extend Request for Expedited Hearing Deadlines;
8. Order Extending Deadlines;
9. Notice of Expedited Hearing;
10. Mr. Lasser's Pre-Hearing Brief with exhibits;
11. Waste Management's Pre-Hearing Brief with exhibits.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of November, 2017.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Zachary Wiley, Employee Attorneys | | X | zwiley@forthepeople.com<br>rforrest@forthepeople.com |
| John E. Anderson, Employer's Attorney | | X | janderson@dickinsonwright.com |

w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5